THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROY McCOY, Defendant-Appellee.

(No. 55652;

First District (2nd Division)—April 3, 1973.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Charles A. Boyle, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an interlocutory appeal by the People of the State of Illinois from an order entered by the Circuit Court of Cook County suppressing evidence.[1] The trial judge granted defendant's motion to suppress evidence for the reason that a prior federal warrant, which was the basis for the Illinois search warrant, was improperly issued.

The federal search warrant was issued on July 2, 1970. The affidavit supporting issuance of this warrant was prepared by a United States Treasury Agent and detailed specific transactions during which the affiant had purchased firearms from defendant. The affidavit was as follows:

> "The undersigned being duly sworn on oath deposes and says that he has reason to believe that on the premises known as white single-story dwelling house with multiple barns and outbuildings, located on the east side of Route 59, approximately $\frac{4}{10}$ of a mile north of the intersections of Routes 19 and 59 in Cook County in the Northern District of Illinois, Eastern Division, there is now being concealed certain property, namely firearms—being rifles, shotguns and hand guns of both manual and automatic design and ammunition and all instrumentalities and fruits of the crime of dealing in firearms without a license, which are being held there and kept for sale by Roy McCoy in violation of Title 18, U.S.C. Section 922 (a) (1), in that said Roy McCoy is not a licensed dealer pursuant to Title 18 U.S.C. Section 923, and he is engaged in the business of dealing in firearms at the above described premises and that he has offered and continues to offer firearms for sale at the above premises and which firearms are fruits and instrumentalities of the above mentioned crime. And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:
>
> I, Jimmy C. Gober, am a special investigator for the Alcohol, Tobacco and Firearms Division of the United States Treasury,

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 604.

Chicago, Illinois, and have been so employed for approximately one year. On June 15, 1970, I purchased two (2) .38 caliber revolvers from Roy McCoy in a storeroom-garage attached to the dwelling described herein. Roy McCoy left the storeroom and went into the dwelling house and returned with the weapons in his hand and delivered them to me and I paid him $150.00 in United States currency for the purchase. Inspector Michael Figueroa of the Illinois Bureau of Investigation, was present and a witness to the transaction. At this time Roy McCoy stated that he had fifteen (15) firearms for sale the previous week, and that he had attempted to contact me unsuccessfully. Since then he had sold seven (7) of these fifteen (15) firearms.

On Monday, June 22, 1970, at approximately 9:15 P.M., I purchased two (2) handguns from Roy McCoy in a storeroom-garage attached to the dwelling described herein. Roy McCoy went into the house and returned with the weapons in his hand and delivered them to me and I paid him $90.00 United States Currency for the two (2) handguns. At this time, Special Investigator Fortino Gutierrez purchased one (1) pistol from Roy McCoy. Roy McCoy went back into the house and returned to the attached garage storeroom carrying the pistol in his hand which he delivered to Gutierrez. Gutierrez then paid Roy McCoy $50.00 United States Currency. This transaction took place in my presence and I was a witness to it.

All these purchases of firearms were made in the garage-storeroom attached to the residence (dwelling house) of Roy McCoy described as a white single story dwelling house with multiple barns and outbuildings located on the east side of Route 59 approximately $\frac{4}{10}$ of a mile North of the intersections of Routes 19 and 59 in Cook County. At this time, McCoy stated that he was to receive twenty seven (27) stolen shotguns and rifles on Wednesday, June 24, 1970, from a supplier in Wisconsin. He also stated that he could probably supply me with hand grenades by the weekend.

On June 30, 1970, a search was made of the records of licensed dealers by Adel Carroll of the records division of the Alcohol, Tobacco and Firearms Division and she reported to me that the search she conducted revealed that no federal license to deal in firearms had been issued to Roy McCoy."

The warrant was executed on July 2, 1970 at 7:30 P.M. Illinois Bureau of Investigation agents accompanied the federal agents, and, in the

course of the search, an Illinois agent observed drugs in a drawer in one of defendant's bedrooms. The Illinois agents left to obtain a state warrant to seize the drugs, and at 3:00 A.M. on July 3, 1970 they returned with the state warrant. This warrant was based upon the affidavit of the Illinois agent who personally observed the drugs. His affidavit was as follows:

"Allan T. Marshall now appears before the undersigned judge of the Circuit Court of Cook County and requests the issuance of a search warrant to search the person of Roy McCoy and the bedrooms of his home at Route No. 1, Box 189, Elgin, Illinois, and seize the following instruments, articles and things; one plastic bag containing 35-45 green and white colored capsules believed to be a depressant drug, along with one small white colored plastic bottle containing Benzedrine pills, which have been used in the commission of, or which constitutes evidence of the offense of possession of depressant drugs.

Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the person and premises set forth above.

On July 2, 1970, at approximately 9:30 P.M., the complainant, Special Agent Allan T. Marshall of the I.B.I., along with agent of Alcohol, Tobacco and Firearms who were serving federal arrest and search warrants on the defendant Roy McCoy did observe depressant drugs in the bedroom of Roy McCoy as described above."

At the hearing to suppress evidence, the trial judge stated that, if the Illinois agent was on the premises pursuant to an invalid federal warrant, the information gained from that improper invasion could not be a basis for a state warrant. The trial judge then went on to state that an 11 day delay between the time the Treasury agent observed the firearms (June 22) and the time the warrant was issued (July 2) was so unreasonable as to vitiate the showing of probable cause. The judge was of the opinion that, on the basis of the June 22 sale and the alleged shipment of June 24, it could not be determined that the firearms would be on the premises on July 2. The judge stated:

"It is not a reasonable time for dealing with a small easily transitory business. If in fact I am a police officer, if in fact I believe that this defendant is a dealer in illegal firearms, I am going to believe he is going to be passing these things off fast, one after another. And to wait 11 days to obtain a search warrant is unreasonable, highly unreasonable."

We do not agree with this finding.

■■ We have reviewed the record in this case and have found that probable cause did exist for the issuance of the federal search warrant, and, therefore, the Illinois agent was properly on the premises. It is clear that an officer who is justifiably on the premises can rightfully seize objects falling within plain view. (*Harris v. United States*, 390 U.S. 234.) In addition, it cannot be disputed that the detailed affidavit based upon first-hand information, which recited purchases of illegal firearms from defendant and offers to sell other weapons, and which disclosed that defendant was not a registered firearms dealer, was sufficient to show probable cause. (See *United States v. Lauchli* (7th Cir.), 444 F.2d 1037.) The only remaining issue is whether probable cause existed despite the 11-day interval between the last purchase and the affidavit.

■■ Probable cause exists where facts and circumstances within the knowledge of the affiant are sufficient in themselves to warrant a man of reasonable caution to believe that the law is being violated, and that evidence is presently on the premises to be searched. (*Berger v. New York*, 388 U.S. 41; *People v. Francisco*, 44 Ill.2d 373, 255 N.E.2d 413.) Probable cause requires neither a showing of guilt beyond a reasonable doubt nor commands a naive evaluation of facts. (*People v. York*, 29 Ill.2d 68, 193 N.E.2d 773.) Passage of time affects a showing of probable cause, but does not automatically vitiate it. (*People v. Dolgin*, 415 Ill. 434, 114 N.E.2d 389.) Where an affidavit recites an isolated violation, it is not unreasonable to imply that probable cause dwindles rapidly with passage of time. However, where facts indicate a course of conduct, passage of time becomes less significant.

■■ In the instant case, the trial judge found the delay to be unreasonable because the business of selling firearms illegally is "transitory." The sale of narcotics and the dispersal of football parlay cards for gambling purposes also can be termed "transitory." In *People v. Montgomery*, 27 Ill.2d 404, 189 N.E.2d 327, an 8-day delay between observation of narcotics and issuance of a search warrant was held not to be unreasonable. In *People v. Lloyd*, 3 Ill.App.3d 932, 279 N.E.2d 773, a 21-day delay between criminal conduct involving parlay cards and issuance of a search warrant was held not to be unreasonable.[2] In the case at bar, defendant supplied federal agents with revolvers and pistols and told them that he was expecting a shipment of shotguns and could supply them with hand grenades. It can reasonably be inferred from these facts that de-

---

[2] Other Illinois cases have held that delays between sales of liquor and issuance of search warrants do not vitiate probable cause. (*People v. DeGeovanni*, 326 Ill. 230, 157 N.E.195; *People v. Holton*, 326 Ill. 481, 158 N.E. 134.)

fendant's activities were continuous and that defendant would have guns on the premises 11 days after the last purchase by the federal agents. We adhere to the principles set forth in *United States v. Ventresca*, 380 U.S. 102, wherein the court stated that a grudging attitude by courts will discourage police officers from submitting evidence to a magistrate, and that resolution of doubtful or marginal instances of probable cause should be determined by the preferences to be accorded warrants. For these reasons, we believe probable cause existed for the issuance of the federal warrant. The trial court erred in granting defendant's motion to suppress the evidence. The order of the Circuit Court is reversed and the cause is remanded with directions to deny defendant's motion to suppress evidence.

Reversed and remanded with directions.

LEIGHTON and HAYES, JJ., concur.