THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CYNTHIA CURRY, Defendant-Appellant.

Third District   No. 75-245

Opinion filed March 31, 1976.

James Geis and Verland Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant Cynthia Curry (alias Maryetta Kingsley) was convicted following a bench trial on June 28, 1974, of illegal possession of more than 500 grams of cannabis. She was charged by complaint with illegal posses-

sion of cannabis and unlawful use of weapons but the trial court granted her motion at the end of the State's evidence for a finding of not guilty on the unlawful use of weapons charge. As a result of her conviction, she was sentenced to the Department of Corrections for not less than 1 nor more than 5 years of imprisonment.

Defendant has raised only one issue on appeal. She contends that the State failed to prove that she possessed cannabis beyond a reasonable doubt. Specifically she argues that her physical proximity to the contraband, by itself, is not sufficient proof of possession.

It is only necessary to relate a brief summary of the evidence presented at the trial to dispose of the one issue raised. The defendant along with three male companions, one of whom was her cousin, were journeying from Galesburg to Springfield. On the way they stopped at a trailer in a rural location outside Cameron, Illinois. The evidence indicated that defendant's three male companions entered the trailer with a man named Jordan and robbed him at gunpoint of cocaine, cannabis and a handgun. Although defendant denied any participation in the armed robbery, the victim testified that when he arrived at the trailer an Oldsmobile convertible was parked and defendant Curry was standing outside that car, alone. She asked Jordan if he lived at that place. When he responded affirmatively, the other occupants got out of the car and led him to the trailer where they subsequently robbed him. When the Peoria police stopped the car in Peoria among other items of evidence they discovered a brown paper bag of cannabis sitting in the back seat of the two-door car between defendant Curry and the window.

Defendant claims that her physical proximity to the bag of contraband is not in itself sufficient to prove possession on her part. Defendant admits that the trial court could reasonably have inferred that defendant had knowledge of the presence of the marijuana in the car. We must agree that the facts will not allow the State to prove possession on a "constructive possession" theory since defendant did not have control over the premises, the automobile. See *People v. Nettles*, 23 Ill. 2d 306, 178 N.E.2d 361 (1961).

Turning to a theory of actual possession, the State had the burden of proving not only knowledge of the presence of the narcotics but also that it was in the immediate and exclusive joint control of defendant.* The defendant has cited numerous cases where convictions of possession of narcotics have been reversed because the State failed to prove either constructive or actual possession beyond a reasonable doubt. The fact that defendant Curry was the closest person to the marijuana is not determi-

---

*"The rule that possession must be exclusive does not mean that possession may not be joint." *People v. O'Neal*, 35 Ill. App. 3d 89, 92, 341 N.E.2d 36, 39 (1975).

native. Mere proximity is not sufficient evidence of actual possession. (See *People v. Howard*, 29 Ill. App. 3d 387, 330 N.E.2d 262 (1975).) In the *Howard* case the police discovered the defendant and two other persons in a motel room. Howard was seated on a bed and the narcotics were between her and the headboard only six inches to one foot away from her. The *Howard* case is typical of the other authorities cited by defendant Curry. In each case the State failed in its burden of proof of possession because the facts disclosed a lack of control over the premises for constructive possession or lack of physical dominion over the narcotics for actual possession. We find no disagreement with defendant's position that constructive possession was not proved nor that her physical proximity to the marijuana in the automobile occupied by three other persons was insufficient to prove actual possession.

The State, however, did establish actual possession in defendant on another theory. Although the evidence presented was conflicting, it was sufficient for the trial court, as the trier of fact, to determine that defendant Curry participated in the armed robbery of Jordan and thereby exercised dominion over the narcotics sufficient to prove joint actual possession on her part. Credibility of witnesses in a case tried without a jury is a matter for the trial judge to determine and his judgment based thereon will not, unless clearly in error, be set aside. (See *People v. Clay*, 55 Ill. 2d 501, 304 N.E.2d 280 (1973); *People v. Anthony*, 28 Ill. 2d 65, 190 N.E.2d 837 (1963).) The trial judge was not in error when he chose to believe the testimony of the victim of the robbery that defendant was standing outside the car and asked him if he lived in the trailer, and to disbelieve defendant's version that she slept throughout inside the car, and knew nothing of the robbery. The trial court could properly infer from the evidence before it that Cynthia Curry minimally participated in the acquisition of the narcotics from Jordan.

Without meaning to establish precedential authority on the broad issue of accountability, we believe the evidence here sufficient to uphold the trial judge's finding of fact that defendant through her minimal participation in the armed robbery exercised dominion over the stolen narcotics sufficient to prove the essential elements for conviction of unlawful possession of cannabis. While it is true that evidence putting a defendant in an auto with a co-defendant and stolen property is not sufficient to show any accountability (see *People v. Collins*, 15 Ill. App. 3d 1001, 305 N.E.2d 186 (1973)), the facts here show other and additional circumstances from which defendant's participation can be inferred. Contrary to defendant's assertions, we believe her questioning concerning Jordan's occupancy of the trailer was not innocent but was sufficient to involve her in the armed robbery to establish a joint possessory interest in the fruits of

the subsequent armed robbery. The judgment of conviction of Cynthia Curry for the offense of unlawful possession of cannabis is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.