THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MELVIN MOSS, Defendant-Appellee.

Second District   No. 77-227

Opinion filed April 21, 1978.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of Illinois State's Attorneys Association, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the State pursuant to the provisions of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) from an order quashing a search warrant. The defendant had been charged with possession of less than 30 grams of heroin. Ill. Rev. Stat. 1975, ch. 56½, par. 1402.

The defendant has failed to file an appearance or brief in this court. However, the record herein discloses that the order quashing the warrant was entered on March 17, 1977, and that the State's Attorney sent a true and correct copy of the record on appeal to the defendant and to his attorney on April 11, 1977. We, therefore, find that the requirements of Supreme Court Rule 606(e)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 606(e)(3)) were complied with.

The complaint for a search warrant, with supporting affidavit, was filed on February 2, 1977, requesting a warrant to search the upper apartment at 943 Fulton Street, Aurora, Illinois, for heroin and related contraband. The supporting affidavit alleged that on January 20, 1977, a reliable informant made a controlled purchase of heroin from the defendant at the premises described in the complaint. It also alleged that on January 31, 1977, another informant made a similar controlled purchase from the defendant at the same premises. The affidavit further stated that the first informant had furnished narcotic information resulting in two arrests and two convictions; that the second informant had purchased controlled substances and cannabis on at least six prior controlled situations where all purchases had field-tested positive. It was further stated that neither informant was related in any way and that they were not informed of the other's activity.

The affidavit disclosed that the first informant said that he had purchased the heroin from Melvin Moss, the occupant of the apartment, "who told him heroin would be available anytime." The affidavit further stated that the second informant had also purchased heroin from Melvin Moss and the second informant recited that "Moss told him that heroin was available whenever he wanted it." The affidavit alleged that the affiant believed that controlled substances were being kept in the described premises.

At a preliminary hearing before Judge Fred M. Morelli, Jr., a motion by the defendant to quash the information was made. No question was raised in the motion as to the reliability of the informants. The judge, in granting the motion, stated:

> "You've established that I believe there was heroin on the premises on the date they were there, but they made no allegations that heroin was on the premises or that there was heroin in the premises when they left. According to the affidavit for search warrant, all of the heroin they saw left with them."

■■ In effect, as disclosed by the record, the finding of the trial court was that if a person makes a purchase of heroin but does not see any other heroin on the premises, then a search warrant for the premises is invalid because the purchaser carried the heroin away with him. If that were the law, which it is not, it would lead to absurd results.

In *People v. Francisco* (1970), 44 Ill. 2d 373, 376, 255 N.E.2d 413, 415, the Supreme Court stated:

> "Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched. [Citations.] There need not be a showing of guilt beyond a reasonable doubt in order to establish probable cause. [Citation.]"

A somewhat similar situation to that before us is found in *People v. McCoy* (1973), 10 Ill. App. 3d 1054, 295 N.E.2d 483. The appellate court there reviewed the efficacy of a Federal warrant issued for the search of the dwelling and outbuildings belonging to the defendant. Firearms were purchased on two occasions in a garage-storeroom attached to the dwelling. The defendant advised the purchaser of the firearms on the first occasion that he had other firearms for sale. In neither instance did the purchasing officer in fact see other firearms on the premises. The court stated:

> "We have reviewed the record in this case and have found that probable cause did exist for the issuance of the federal search

warrant, and, therefore, the Illinois agent was properly on the premises * * * In addition, it cannot be disputed that the detailed affidavit based upon first-hand information, which recited purchases of illegal firearms from defendant and offers to sell other weapons, and which disclosed that defendant was not a registered firearms dealer, was sufficient to show probable cause." (10 Ill. App. 3d 1054, 1058, 295 N.E.2d 483, 486.)

It can thus be seen that in *McCoy* the officers did not see firearms in the dwelling but only saw that the defendant went into the dwelling house and returned with firearms to the storeroom-garage where they were sold.

■■ It has been repeatedly stated by both State and Federal courts that when passing upon the efficacy of a search warrant highly technical, artificial or arbitrary requirements are uncalled for. This was best stated by the Supreme Court of the United States in *United States v. Ventresca* (1965), 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746, where the court said:

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed; where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

Our supreme court, when considering the same issue in *People v. McGrain* (1967), 38 Ill. 2d 189, 192-93, 230 N.E.2d 699, 701-02, stated:

"* * * we subscribed to the further comments of the court in the *Ventresca* case to the effect that constitutional demands relative to search warrants, like all constitutional requirements, are practical and not abstract; that if the teachings of the court's cases are to be followed and the constitutional policy served, affidavits for search warrants must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion; that technical requirements of elaborate specificity once exacted under common-law pleadings have no proper place in this area; and that when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense manner, for a

grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

The judgment of the circuit court of Kane County quashing the search warrant is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

NASH and RECHENMACHER, JJ., concur.