THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN BLACKMAN *et al.*, Defendants-Appellants.

Third District   Nos. 77-228, 77-341 cons.

Opinion filed July 28, 1978.

Robert Agostinelli and Michael Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellants.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial in the Circuit Court of Tazewell County, defendants Blackman and Jarrett were convicted of unlawful possession of cannabis. Defendant Davis was tried separately in a stipulated bench trial and convicted of the same offense. Davis was sentenced to five years probation, four months of which were to be served in the county jail. Blackman and Jarrett were each sentenced to three years probation, with Blackman to serve 30 days of his sentence in the county jail and Jarrett to serve 120 days of his sentence on a work release program. At the defendant's request, these appeals were consolidated, and all three defendants challenge the denial of their motions to suppress evidence. Defendants Blackman and Jarrett also claim the evidence was insufficient to prove them guilty beyond a reasonable doubt.

On the morning of September 21, 1976, an auto driven by defendant Davis, with defendants Blackman and Jarrett as passengers, was stopped and searched in the city of Washington by officers of the Washington Police Department. During the course of the search the officers discovered a large quantity of freshly cut marijuana in the trunk of the auto. Defendants were charged with possession of cannabis, and they moved to suppress the evidence seized during the search.

At the suppression hearing the State presented two witnesses. Officer Joseph Switzer, a radio dispatcher for the Tazewell County sheriff's office, testified that at approximately 10:15 a.m. on September 21, 1976, he received a call from a man who identified himself as John Phillips. Phillips told Switzer that he had just observed three men picking what he believed to be marijuana along the Mackinaw River near Route 9. Phillips explained that he could name the individuals and describe their vehicle because he had seen them at his place of business, Upco Buildings Inc., earlier that morning. The caller said the men's names were Mike Davis, Steve Blackman and Dannie Jarrett and described their auto as a 1956 or 1966 white Chevrolet convertible. Dispatcher Switzer broadcast the information to all police units in the area.

Officer Thomas Libotte of the Washington City Police Department testified that approximately one-half hour after receiving the communication from Switzer he and another officer stopped a 1970 white Pontiac convertible. Defendant Davis was driving the auto, and Blackman and Jarrett were passengers in the front seat. Libotte was acquainted with Davis, and he knew the Pontiac was the car Davis had driven in the past. Libotte also knew of Davis' previous association with marijuana because he had searched a house where Davis was present and had discovered marijuana and marijuana smoking paraphernalia. After Davis failed to produce a valid driver's license, the officers conducted the search which resulted in discovery of the marijuana. Officer Libotte admitted he stopped and searched the auto solely to determine whether marijuana was present in it. Though he had neither consent nor a warrant to conduct the search, the officer testified he thought he was justified in doing so based on the police radio communication he had received and his personal knowledge of defendant Davis' past association with marijuana. The trial court agreed with Officer Libotte and so do we.

■■ According to our supreme court's recent decision in *People v. Blitz* (1977), 68 Ill. 2d 287, 369 N.E.2d 1238, whether a warrantless search was justified is to be determined by looking at the totality of circumstances presented to the investigating officer at the time of the search. Viewing the present case in light of the *Blitz* decision, we must conclude that Officer Libotte had more than sufficient justification for the search of defendant's auto.

■■ First, Libotte had the information provided by John Phillips. Defendant claims this information should not have been considered by the officer because the "two pronged" test of *Aguilar* regarding hearsay information was not met. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) We disagree. Under *Aguilar* and its progeny, hearsay information from an informant may be considered as the basis for a search if the investigating officer is aware of some facts indicating that

the informant is reliable and some facts indicating the informant ascertained his information in a reliable manner. In the present case both prongs of the *Aguilar* test were satisfied. First, evidence of the informant's reliability is not required in cases such as this where the informant is a private citizen rather than a paid police informer. (*People v. Billings* (1st Dist. 1977), 52 Ill. App. 3d 414, 367 N.E.2d 337; *People v. Hoffman* (1970), 45 Ill. 2d 221, 258 N.E.2d 326.) Lack of personal gain to the private citizen is indicative of his reliability. (*People v. Frisco* (1st Dist. 1972), 4 Ill. App. 3d 193, 280 N.E.2d 557.) The second prong of *Aguilar*, requiring facts indicating the informant gained his information in a reliable manner, is also satisfied here because in this case informant John Phillips gained his information by personally observing the defendants picking what he believed to be marijuana. Personal observation by the informant is surely the most reliable means of all for obtaining credible information.

■■ Defendants make much of the fact that Phillips did not specify why he thought the substance being picked was marijuana. They claim that lack of this bit of information precluded the officer from relying on the informant's report. Again we must disagree. *Aguilar* requires the officer to be aware of "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were." (*Aguilar*, 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514.) The officer is not required to be aware of all the facts underlying the informant's information. In search cases we are dealing with probabilities. As the Illinois Supreme Court has said:

> "Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals." (*People v. Watkins* (1960), 19 Ill. 2d 11, 19, 166 N.E.2d 433, 436.)

We believe the information provided by Phillips met the standards of *Aguilar* and was properly considered by Officer Libotte.

Moreover, the information provided by Phillips was substantially corroborated by Libotte's own observations. Phillips specifically named the three individuals he saw picking marijuana and described their auto as a 1956 or 1966 white Chevrolet convertible. No more than one-half hour after receiving this information, Officer Libotte saw the three named individuals, who he knew, together in an auto very similar to the one described by Phillips. Having personally verified a substantial portion of Phillips' information, Officer Libotte had "reasonable grounds" to believe that the remaining unverified portion—that the men possessed marijuana—was likewise true. *Draper v. United States* (1959), 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329.

Furthermore, Officer Libotte was aware of defendant Davis' previous

association with marijuana. Libotte knew that Davis had been present in a house where marijuana and marijuana paraphernalia were found. Although Davis was not convicted of an offense as a result of that earlier search, the policeman's experience is a factor that cannot be ignored.

> "We cannot conclude that a policeman's knowledge of a suspect's reputation—something that policemen frequently know and a factor that impressed such a 'legal technician' as Mr. Justice Frankfurter—is not a "practical consideration of everyday life" upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip." (*United States v. Harris* (1971), 403 U.S. 573, 583, 29 L. Ed. 2d 723, 733, 91 S. Ct. 2075, 2081-82.)

It is clear that probable cause may be founded upon evidence which would not be admissible at trial. *Draper; Blitz.*

Considering then the totality of circumstances presented to Officer Libotte—the information from Phillips, the officer's personal observations corroborating that information, and the officer's personal knowledge of defendant's previous association with marijuana—we conclude that the warrantless search was reasonable and the seized marijuana properly admitted into evidence. "Viewed singly these factors may not be dispositive, yet when viewed in unison the puzzle may fit." *Blitz,* 68 Ill. 2d 287, 293, 369 N.E.2d 1238, 1241.

The only issue raised on appeal by defendant Davis is the legality of the search, therefore his conviction is affirmed.

■■■ Defendants Blackman and Jarrett raise a second issue, claiming the State failed to prove their possession of the cannabis beyond a reasonable doubt. "In order to support a conviction for unlawful possession of narcotics, the People must establish knowledge on the part of defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of defendant." (*People v. Nettles* (1961), 23 Ill. 2d 306, 307, 178 N.E.2d 361.) The State may meet this burden of proof under either a theory of actual possession or constructive possession. That is, the State must prove that the defendant either exercised actual physical dominion over the cannabis itself or that he had control over the premises or instrumentality where the cannabis was found. (*People v. Curry* (3d Dist. 1976), 37 Ill. App. 3d 72, 345 N.E.2d 176.) The fact a defendant is a passenger in someone else's car where marijuana is found is in itself insufficient to prove his possession of the drug under either theory. *People v. Mosley* (3d Dist. 1971), 131 Ill. App. 2d 722, 265 N.E.2d 889.

In the present case the State concedes that it did not prove possession of the cannabis by defendants Blackman and Jarrett under a theory of constructive possession. Defendant Davis was the driver of the auto, and

he was the one who gave the keys to the trunk to Officer Libotte. Libotte knew that Davis had driven the car in the past and it was registered with the State in the name of Davis' mother-in-law. There is no evidence indicating that defendants Blackman and Jarrett had any control over the auto in which the marijuana was found. Nevertheless, the State contends it proved possession of the cannabis by Blackman and Jarrett under a theory of actual possession. It is argued that a chain of identification was produced linking all three defendants to the illicit substance.

At trial John Phillips testified that on the morning of September 21, 1976, he was driving along Route 9 when he saw three individuals standing along the railroad tracks south of the road. Recognizing the individuals as men he had seen earlier at his place of employment, he slowed down and observed them for a period of 15 to 20 seconds from a distance of about 250 feet. According to Phillips, two of the men were picking what he assumed was wild marijuana while the third man, who stood nearer the car, did nothing and had nothing in his hands. He did not see any of the three men place anything into the nearby auto, no part of which was open. By checking the job applications received that morning by his employer, Phillips was able to provide the sheriff's office with the names of the men he thought were picking the marijuana. At trial, however, he was unable to identify Blackman and Jarrett as the men he had observed.

The State contends that this testimony by Phillips coupled with the testimony of Officer Libotte, which was substantially the same as that offered by him at the suppression hearing, was sufficient to prove possession of the marijuana by Blackman and Jarrett beyond a reasonable doubt. Primary reliance is placed on our decision *People v. Curry* (3d Dist. 1976), 37 Ill. App. 3d 72, 345 N.E.2d 176. In *Curry,* the defendant and her three male companions had stopped their auto near a trailer. The defendant was standing alone outside the auto when another man arrived. She asked him if he lived in the trailer and upon receiving an affirmative reply the defendant's cohorts proceeded to rob him of certain illicit drugs. When the police stopped the getaway car, they discovered a bag of illicit drugs in the back seat near the defendant. We held that the State had failed to prove possession of the drugs by the defendant on a theory of constructive possession and that defendant's mere proximity to the drugs was insufficient to prove her actual possession of the drugs. Nevertheless, we concluded that defendant's actual possession of the drugs was sufficiently established by her participation in the robbery.

■■ *Curry* is distinguishable from the case at bar. In that case the victim clearly identified defendant as the woman who participated in the robbery. The only question was the credibility of the victim as opposed to the credibility of the defendant who claimed to have slept through

the entire incident. Moreover, it was established in *Curry* that the illicit drugs seized from the victim were placed in the auto in which defendant was a passenger. The chain of evidence linking defendant to the drugs was complete and her actual possession proven beyond a reasonable doubt. In the present case, on the other hand, there are missing links in the State's chain of evidence. Phillips testified that only two of the three men he observed were actually picking the plants assumed to be marijuana. At trial Phillips was unable to identify Blackman and Jarrett as the pickers or, indeed, as the men he had observed. There is no evidence that the defendants had dirt or plant matter on their hands at the time of the stop and search and no cutting tools were found in the car. Furthermore, there is no evidence indicating that the marijuana found in the trunk of the car was the same marijuana allegedly being picked by the defendants. The auto was not open when observed by Phillips and he did not see anyone put anything into the auto. Although Phillips' testimony may be sufficient to place defendants in an area where marijuana was likely to be growing, suspicious behavior in the vicinity of narcotics is not sufficient to establish the elements of criminal possession. (*People v. Mosley* (3d Dist. 1971), 131 Ill. App. 2d 722, 265 N.E.2d 889; *People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320.) We are reluctant to disturb the determination of the trier of fact; however we must do so in cases such as the one at bar where the evidence is so unsatisfactory as to create a reasonable doubt of defendants' guilt. (*Mosley.*) The convictions of defendants Blackman and Jarrett are reversed.

Lest we be accused of *naiveté*, we must add a final note. We realize that the evidence here presented creates a strong suspicion that the incident in question took place as theorized by the prosecution. Indeed it may be more probable than not that all three defendants picked the marijuana that was found in Davis' car. However, in deciding questions of guilt, we do not deal in probabilities as we do on questions of search and seizure. Rather we require proof beyond a reasonable doubt. The evidence in the present case establishing possession of the cannabis by defendants Blackman and Jarrett does not meet that standard. Their convictions must be reversed.

The judgment of the Tazewell County Circuit Court finding Michael Davis guilty of possession of cannabis is affirmed. The judgments finding Steve Blackman and Dannie Jarrett guilty of the same offense are reversed.

Affirmed in part; reversed in part.

ALLOY and SCOTT, JJ., concur.