THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARY LOU GREER, Defendant-Appellant.

Fifth District    No. 79-584

Opinion filed November 26, 1980.

JONES, P. J., dissenting.

Paul D. Giamanco, of Giamanco & Wexstten, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant-appellant Mary Lou Greer was convicted of burglary and theft after a bench trial in the Circuit Court of Jefferson County, and was sentenced to terms of three years' imprisonment for burglary and two years for theft, the sentences to be served concurrently. On appeal, the defendant contends that the trial court erred in denying her motion to suppress evidence seized pursuant to an invalid search warrant, and that she was erroneously denied probation. Because we agree with the defendant as to the first issue raised, we need not address the second one.

On July 28, 1978, Carl Powers, the dispatcher at the Mt. Vernon police department, received a telephone call from an unidentified woman who told him that a television set, a police scanner, and a clock taken in a burglary of the Wielt residence in rural Jefferson County could be found at the home of the defendant. Powers relayed the information from the anonymous informer to Deputy Roy Bradford of the Jefferson County sheriff's department, within whose jurisdiction the case fell. After confirming that the mentioned items were indeed among those taken from the Wielt residence, Bradford presented a complaint for search warrant to a judge, who issued the warrant. Evidence seized from the

defendant's residence pursuant to the warrant led to the instant prosecution.

The complaint for search warrant recited:

> "That on July 28, A.D. 1978, at the hour of 11:30 A.M. Karl Powers received an anonymous phone call stating that materials involved in burglary of the Wielt residence were located at the residence of Mary Lou Greer located at 2101 College, Mt. Vernon, Illinois, Powers checked with deponent who verified the items taken in the burglary and the victims address which callaborated [sic] the informants information that by reason thereof, deponent believes that the offense of Burglary and Theft has been committed."

The items to be seized were described with particularity in the complaint as:

> "* * * one portable Soni black and white T.V.; one Robins Scanner with ten crystals, top row full and the first two crystals full on the second row; one antique wall clock, fifty-two inches length and twenty-four inches width, chimes on hour and half-hour, two weighted clock, inside clock dark identifying mark."

The court below denied the defendant's motion to suppress on the basis that the description of the articles given by the anonymous caller matched that given by the victim of the burglary.

The question presented for our determination is whether Deputy Bradford's complaint stated facts sufficient to comply with the mandate of the fourth amendment that "no Warrants shall issue, but upon probable cause." (*Cf.* Ill. Rev. Stat. 1977, ch. 38, par. 108—3.) We hold that it did not, and therefore the evidence seized pursuant to the warrant, and the fruits thereof, should have been suppressed.

Well established fourth amendment principles require that a complaint or affidavit for search warrant set forth not mere conclusions but "particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." (*Franks v. Delaware* (1978), 438 U.S. 154, 165, 57 L. Ed. 2d 667, 678, 98 S. Ct. 2674, 2681.) The judge to whom a complaint for search warrant is presented must not "serve merely as a rubber stamp for the police." (*Aguilar v. Texas* (1964), 378 U.S. 108, 111, 12 L. Ed. 2d 723, 727, 84 S. Ct. 1509, 1512.) He must, rather, judge for himself, from the information given in the complaint, "the persuasiveness of the facts" relied on by the police officer in reaching the conclusion that probable cause exists. (*People v. Close* (1965), 60 Ill. App. 2d 477, 486, 208 N.E.2d 644, 648.) Probable cause for the issuance of a search warrant must be found in the complaint for warrant itself. (*People v. George* (1971), 49 Ill. 2d 372, 274 N.E.2d 26.) Courts of review, in evaluating the validity of a warrant, may consider only that information actually brought to the

issuing magistrate's attention. *People v. Vanco* (1977), 55 Ill. App. 3d 151, 371 N.E.2d 82.

The complaint may be based on an informant's tip, but if it is, the complaint must reveal a substantial basis for crediting the hearsay information. (*People v. Parker* (1968), 42 Ill. 2d 42, 245 N.E.2d 487.) More specifically, the complaint must inform the magistrate of some of the underlying circumstances from which the informant concluded that the things to be seized were where he claimed they were and some of the underlying circumstances from which the police officer seeking the warrant concluded that the informant was credible and his information reliable. (*Aguilar v. Texas; People v. Finn* (1978), 68 Ill. App. 3d 126, 385 N.E.2d 103.) Stated otherwise, the judge must be able from the complaint to make an independent evaluation of both the reliability of the source of the information and the conclusion that the items to be seized are where the informant says they are. *People v. Vanco.*

In the instant case, all the information that the issuing magistrate had to go on was that a police officer had been told by another police officer that an anonymous caller had told him that certain specified items taken in a specified burglary were located at a specified place, and that the items described had indeed been taken in the burglary. Such information was clearly not sufficient to warrant the belief in a person of reasonable caution that the items were where the informant said that they were. The complaint for warrant revealed no facts and circumstances from which the judge could independently evaluate either the credibility of the informant and the reliability of her information or the basis for her conclusory statement that the items were located in the defendant's residence. As in the leading case of *Aguilar v. Texas*, the mere conclusion that the specified items could be found on the defendant's premises was that of an informant about whom nothing was known; here too, the complaint did not even allege that the informant spoke with personal knowledge. As the court said in *Aguilar*:

> "The magistrate here certainly could not 'judge for himself the persuasiveness of the facts relied on * * * to show probable cause.' He necessarily accepted 'without question' the informant's 'suspicion,' 'belief' or 'mere conclusion.' " (378 U.S. 108, 114, 12 L. Ed. 2d 723, 728-29, 84 S. Ct. 1509, 1513-14.)

Such a procedure falls short of that required by the fourth amendment.

Citing *People v. Blackman* (1978), 62 Ill. App. 3d 726, 379 N.E.2d 344, the State argues that the credibility of an anonymous citizen informant (as opposed to a paid police informer) may be presumed. In *People v. Davenport* (1974), 19 Ill. App. 3d 426, 428, 311 N.E.2d 751, this court held invalid a complaint for search warrant which set out the following facts:

"A private citizen and neighbor, a reliable and reputable person, has seen Dave Davenport receiving a large bag of a substance suspected to be Cannabis (Marijuana) at said premises and thereafter dispensing said substance to a large number of persons entering said house surreptitiously during the hours of darkness; that such activity has extended over two consecutive days; that most of the persons entering and leaving the said premises do so via the back door after parking their vehicles some distance from the said premises and reaching and leaving said premises by crossing adjoining private property; that the said traffic into and out of said premises on the second day was watched by Deputy Virgil Nelson."

This court found that the complaint in *Davenport* failed both prongs of the *Aguilar* test: it failed to state why the affiant believed that the informer was a credible person, and it provided no basis for believing that the informant's information came from a reliable source or that the conclusion he reached from the circumstantial evidence he had was justified.

*Davenport* thus lends no support to the State's argument that the credibility of a so-called private citizen informant need not be shown in the complaint for search warrant. The *Blackman* case, which involved the warrantless search of an automobile, is distinguishable on that basis alone, as such a search has traditionally been subjected to less stringent standards. Even if the proposition for which it is cited be accepted, however, it is still clear from both *Blackman* and *Davenport* that there must be some basis for believing that the hearsay information is reliable. In *Blackman*, that basis was the informant's personal observation, the corroboration of some of his information by the arresting officer, and the officer's knowledge of the defendant's previous criminal involvement.

The State contends that such a basis for determining the trustworthiness of the informant's information is supplied here by the detailed description of the items to be seized, and the "corroboration" by the police that such items had indeed been taken. We disagree.

While a tip inadequate under the *Aguilar* test may, when taken together with other facts, suffice to give probable cause, the question which must be answered by the issuing magistrate is whether it can "fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass *Aguilar*'s tests without independent corroboration." (*Spinelli v. United States* (1969), 393 U.S. 410, 415, 21 L. Ed. 2d 637, 643, 89 S. Ct. 584, 588.) That question must be answered in the negative in the instant case. We cannot reasonably infer from the solitary fact that the informant correctly described some burglarized property that her conclusion that

the defendant possessed that property was obtained in a reliable way, absent any facts at all about the informant or the source of her information.

We therefore hold that the complaint for search warrant in the case before us was inadequate and the warrant issued pursuant thereto invalid. The court erred in denying the defendant's motion to suppress the evidence discovered pursuant to the warrant. We therefore reverse the decision of the Circuit Court of Jefferson County and remand this cause with instructions to grant the defendant's motion to suppress.

Reversed and remanded.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

The prohibition of the fourth amendment is against "unreasonable" searches and seizures. Under the facts of this case and the applicable law, the search pursuant to warrant and the ensuant seizure were not at all unreasonable. Accordingly, I respectfully dissent.

The majority makes too much of fourth amendment protection when they, in effect, hold that under the facts presented the police must tell the victims of the crime that they know where their stolen property is, and who has it in possession, but they are powerless to act to either recover the property or prosecute the offender. Reason is to the contrary. If the police and the warrant-issuing judge had acted other than as they did they would be subject to criticism and the criminal justice system brought into disrepute. The work of the police was commendable and could not be categorized as anything other than routine. Certainly it was not oppressive, and the defendant suffered no prejudice because of a violation of her fourth amendment rights.

Probable cause exists to support the issuance of a warrant if there is sufficient information related to cause a reasonable man to believe that a crime was being committed and that the evidence was in the place to be searched, and a reviewing court should afford the judgment of the judicial officer great weight and not impose artificial and technical limitations on his judgment. (*People v. Krug* (1976), 38 Ill. App. 3d 383, 347 N.E.2d 807.) That is, the search warrant and the supporting affidavits are to be tested in a common sense and realistic fashion. *People v. Garcia* (1975), 27 Ill. App. 3d 396, 326 N.E.2d 497; *People v. Moss* (1978), 59 Ill. App. 3d 392, 375 N.E.2d 551.

In *Spinelli v. United States* the Supreme Court spoke of the standard pertaining to the determination of probable cause.

"[W]e do not retreat from the established propositions that only

the probability, and not a prima facie showing, of criminal activity is the standard of probable cause [citation]; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial [citation]; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense [citation]; and that their determination of probable cause should be paid great deference by reviewing courts." (393 U.S. 410, 419, 21 L. Ed. 2d 637, 645, 89 S. Ct. 584, 590-91.)

This rule as stated in *Spinelli* is followed by the Illinois Supreme Court. *Cf. People v. Thomas* (1975), 62 Ill. 2d 375, 342 N.E.2d 383.

Both *Aguilar v. State of Texas* and *Spinelli v. United States* were concerned with information furnished by paid police informants. In the case at bar credence must be given to the fact that the information concerning the stolen property came to the police from an anonymous tipster. The tipster (1) identified three specific items of property taken in the burglary, (2) gave the name and location of the house from which they had been taken, and (3) stated that these items could be found at the home of defendant and gave the address. The police verified this information and submitted it to the court in an affidavit for search warrant. There were sufficient facts and sufficient implicit corroboration to justify the issuance of the search warrant. It could be said that the information supplied to the police was self-verifying.

In Criminal Procedure in a Nutshell, 106-07, professors Israel and LaFave discuss the fact that credibility standards differ when information for a search warrant comes from other than a police informant.

"INFORMATION FROM OTHER SOURCES. The reliability of informants used to uncover narcotics and gambling offenses has been a matter of special concern because they are often engaged in criminal conduct themselves. Thus, when the facts are provided by a police officer, *U.S. v. Ventresca*, supra, a crime victim, *Brown v. U.S.*, 365 F.2d 976 (D.C. Cir. 1966), a cooperative citizen, *Jaben v. U.S.*, 381 U.S. 214 (1965), or an informant not from the criminal milieu, *In re Boykin*, 237 N.E.2d 460 (Ill. 1968), there is no need for establishing credibility. It is still necessary to show why the person giving the information has a basis for his knowledge, although the number of details which need be disclosed varies depending upon the circumstances."

In the Illinois Supreme Court case of *In re Boykin*, cited by professors Israel and LaFave, police officers acted on an anonymous tip given to a school principal that a student was carrying a gun. The search and seizure were sustained by the court:

"In most of the cases involving arrests and searches based upon information furnished by an unidentified informant, the identity of the informant is known to the law enforcement officers and is deliberately withheld. * * *

The present case differs in many respects. Here the police officers were not deliberately concealing information within their knowledge. They knew only what they had been told, and they were not required to delay until they had ascertained whether the informant was in fact anonymous or whether the assistant principal said that he was in order to avoid future difficulties in the school and the creation of a feud. [Citations.] In this case, moreover, there is a complete absence of any possible element of gain to the anonymous informant from furnishing false information, and the nature of the potential danger differs from that involved in gambling and narcotics cases." 39 Ill. 2d 617, 619, 237 N.E.2d 460, 461-62.

To the same effect is *People v. Hester* (1968), 39 Ill. 2d 489, 514, 237 N.E.2d 466, where the Illinois Supreme Court stated:

"[T]he usual requirement of prior reliability which must be met when police act upon 'tips' from professional informers does not apply to information supplied by ordinary citizens. (*Draper* [*v. United States*, 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329].)"

In numerous cases the appellate courts of this State have applied this same rule. I would adhere to it in this case and affirm the trial court.