(No. 35840.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARLE E. NETTLES, Plaintiff in Error.

*Opinion filed November 30, 1961.*

DAVID V. KAHN and RICHARD Z. KABAKER, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

. Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Earle E. Nettles, was found guilty of the unlawful possession of narcotic drugs after a trial before a judge, and was sentenced to the penitentiary for a term of not less than two nor more than five years. Upon this writ of error he urges that he was not proved guilty beyond a reasonable doubt because the evidence was insufficient to establish his knowledge and possession of the narcotics.

On March 25, 1959, Federal and local narcotics officials executed a search warrant in a Chicago apartment. Defendant and Juanita Allen lived there as man and wife. They, along with two other men, were in the apartment at the time of the raid. The search revealed thirty small packages of narcotics in a paper bag behind the entrance door. Defendant testified that he did not rent the apartment, but merely kept his clothes there. He indicated that the narcotics were noL his, that he did not know how they got into the apartment, and that he thought the police had "planted" them or that they belonged to someone else in the apartment.

This again presents a situation in which narcotics are found in an apartment and a person occupying the premises is prosecuted for their unlawful possession. (See e.g., *People* v. *Embry,* 20 Ill.2d 331; *People* v. *Mack,* 12 Ill.2d 151.) In order to support a conviction for unlawful possession of narcotics, the People must establish knowledge on the part of defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of defendant. *People* v. *Embry,* 20

Ill.2d 331; *People* v. *Smith,* 20 Ill.2d 345; *People* v. *Matthews,* 18 Ill.2d 164; *People* v. *Mack,* 12 Ill.2d 151.

In *People* v. *Mack,* 12 Ill.2d 151, we held that where narcotics were found in an apartment which had been rented to the defendant, the element of possession was established, in spite of the fact that other persons had access to the apartment. On the issue of knowledge, we said: "When the unsatisfactory nature of the evidence by which the defendant seeks to dissociate himself from [the] apartment * * * is considered in its entirety and weighed with relation to the circumstances that he paid rent on the apartment * * *, and that he was observed leaving it minutes before the heroin was found, we are satisfied his knowledge of its presence may be fairly inferred." (12 Ill.2d 151, at page 161.) Similarly, possession and knowledge were held to have been established in *People* v. *Embry,* 20 Ill.2d 331, where narcotics were found in defendant's apartment when he was present and did not deny ownership even though five other persons were also present.

The underlying principle of the *Mack* and *Embry* cases is that where narcotics are found on premises under defendant's control, it may be inferred that the defendant had both knowledge and control of the narcotics. This inference is based largely upon the nature of the commodity and the manner in which its illegal traffic is conducted. By law the use of narcotics, except for specified medicinal purposes, is rigidly condemned. Because of this illegitimate nature of narcotics, they are sold for exorbitant sums on the black market and are therefore of great value to the person possessing them. Furthermore, since their mere possession may subject such person to severe criminal consequences, the narcotics traffic is conducted with the utmost secrecy and care. Human experience teaches that narcotics are rarely, if ever, found unaccountably in a person's living quarters.

We are of the opinion, therefore, that where narcotics are found on the premises under the control of defendant,

this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt. See *People* v. *Embry,* 20 Ill.2d 331; *People* v. *Mack,* 12 Ill.2d 151.

Defendant also argues that statements attributed to him did not amount to admissions and therefore lacked probative value and were inadmissible. While the statements, as related by the three police officers who heard them, vary in detail, their substance is that defendant said "anything you find in the apartment is mine" when he was asked if the bag of narcotics found behind the door belonged to him. Although statements such as these could be interpreted as being equivocal, under all the circumstances we are of the opinion that the trial judge was justified in treating the statements as admissions and in relying in part upon them in entering his finding of guilty.

Whether a defendant's account of his possession of narcotics is believed depends on the credibility of the witnesses and the weight to be given their testimony, which are both matters for the trial judge where a jury has been waived. (*People* v. *Lucky,* 21 Ill.2d 501; *People* v. *Arnold,* 2 Ill.2d 92; *People* v. *Viti,* 408 Ill. 206.) The requirement that defendant's guilt be proved beyond a reasonable doubt does not mean that the court may disregard the inferences that flow from the evidence before it. (*People* v. *Russell,* 17 Ill.2d 328.) Here, the trial court did not find such a reasonable doubt of defendant's guilt from all the facts and circumstances.

For the reasons expressed herein, we are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*