**People of the State of Illinois, Plaintiff-Appellee, v. Clarence Bolden, Defendant-Appellant.**

Gen. No. 52,277.

First District, First Division.

May 27, 1968.

Walter La Von Pride, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Richard Rinella, and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was charged with the offense of unlawful possession of a hypodermic needle. He was tried by the court, found guilty, sentenced to 60 days in the County Jail and fined $1,000. He prosecutes this appeal alleging certain trial errors and that the State did not prove him guilty beyond a reasonable doubt.

The only witness for the State was a police officer assigned to the Narcotic Division. The officer had obtained a search warrant for the Bolden apartment. Upon arriving at the apartment building he observed Mrs. Bolden coming out of her car and carrying a bag of groceries. The officer informed her of the fact that he had a search warrant and accompanied her upstairs. The defendant, Mr. Bolden, was sitting in a chair in the living room with his leg in a plaster cast from the ankle to the hip.

The officer informed Bolden of the fact that he had a search warrant and told Bolden "it would be easier if he had any narcotics, rather than tear up the place with a

search, that he should come up with it." Bolden's response was: "I don't have any narcotics."

A search of the premises was then conducted and a needle and syringe were found underneath the bed in the back bedroom. Upon showing the needle and syringe to Bolden, he said, "No, it is not mine. Can't you see I just got out of the hospital? I am not using narcotics."

The officer also asked Mrs. Bolden about the hypodermic needle and she remained mute. An examination of her arms revealed fresh needle marks. Mrs. Bolden was a known narcotic addict.

Bolden took the stand in his own defense and testified that he knew nothing about the hypodermic needle. He was aware that his wife was a narcotic addict, and he admitted that he also had been a narcotic addict. However, the last time he used any narcotics was in 1962, about three years prior to the date of the incident in question.

In our view, the evidence as outlined above does not establish beyond a reasonable doubt that the defendant was in possession of the hypodermic needle. While no cases involving the sufficiency of the evidence necessary to sustain a conviction under the Hypodermic Syringes and Needles Act (Ill Rev Stats 1967, c 38, § 22–50 et seq.) have been presented to this court, there are two cases decided under the laws relating to narcotics which we find appropriate. In People v. Connie, 52 Ill App2d 221, 201 NE2d 641 (1964), this court stated that "the burden remained on the People to show that no one other than defendant was responsible for the presence of narcotics." (P 228.)

This court is well aware of the law of constructive possession. However, in People v. Nettles, 23 Ill2d 306, 178 NE2d 361 (1961), the Supreme Court stated:

"(W)here narcotics are found on the premises under the control of defendant, this fact, in and of

131

itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, *absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt.*" (Citations omitted; emphasis added.)

In the instant case there are other facts which give rise to reasonable doubt of the defendant's guilt. First we note that he had recently come out of the hospital and had a cast running from his hip down to his ankle, thereby immobilizing him. Secondly, the syringe was found under the bed in a back bedroom of the apartment. Defendant denied knowing anything about the syringe and when the police officer questioned his wife who also had control of the apartment, she gave no answer. While this verbal act might not be sufficient to sustain a conviction of Mrs. Bolden, it nevertheless reflects on the defendant's innocence. Furthermore, an examination of Mrs. Bolden's arm revealed fresh needle marks thereby indicating the syringe belonged to her and not the defendant.

For the foregoing reasons we find the evidence insufficient to prove defendant guilty beyond a reasonable doubt of possession of a hypodermic needle and his conviction is reversed.

Judgment reversed.

BURMAN, P. J. and MURPHY, J., concur.