**People of the State of Illinois, Plaintiff-Appellee, v. James Robinson, Defendant-Appellant.**

Gen. No. 52,223.

First District, Fourth Division.
November 13, 1968.
Rehearing denied January 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George C. Rantis and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Sheldon Schapiro, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment in a bench trial in which defendant was found guilty of unlawful possession of a narcotic drug, Ill Rev Stats 1965, c 38, § 22-3. Defendant was sentenced to a term of not less than four nor more than eight years in the Illinois State Penitentiary.

CONTENTIONS ON APPEAL

1. Defendant was not proven guilty beyond a reasonable doubt.

2. The indictment was insufficient to convict the defendant of the crime stated because a material element was not stated.

3. The waiver of a jury trial should not have been accepted by the court because it was obtained by coercion.

4. Evidence should have been suppressed because it was obtained by a police employee whose compensation was conditional upon an arrest being made upon probable cause from the information given by the employee.

EVIDENCE

On defendant's motion to suppress the evidence only the two arresting police officers were called as witnesses. They testified that at about 1:30 on the morning of April 16, 1966, they had a conversation with special employee James Carter at the police station. Carter informed the officers that he could make a purchase of heroin from a man known to him as "Preacher." At that time Carter had no money and no narcotics on his person.

The police officers drove Carter to the vicinity of 64th Street and 1300 east, and parked in an alley. At this time they gave Carter ten $1 bills the numbers of which had been recorded. Carter then proceeded to and entered the building at 1356 East 64th Street. After about five min-

utes Carter returned and handed one of the officers one tinfoil containing a white powder which Carter stated that he had received from "Preacher" after giving the recorded money to Terry Saffold. The officers field tested the contents and found the substance to be a narcotic.

Both officers then proceeded to the apartment where Carter said he had purchased the narcotics, knocked at the door and were admitted by Terry Saffold who hollered, "Police." The police officers immediately proceeded to the bathroom where Carter had said that Preacher was bagging heroin. As the officers approached the bathroom Officer Burt was able to see a checkerboard on top of the commode, and on top of the checkerboard he saw two tinfoil packets and some loose white powder. The defendant and a man named Carruthers were in the bathroom at this time. One of them hit the checkerboard and the powder fell into the bathtub which was full of water; the two tinfoil packets fell to the floor between the commode and the bathtub.

The officers entered the bathroom, effected the arrest and took possession of the packets. The officers did not find any money or narcotics on the defendant's person. The officers did not at any time see defendant touch the narcotics. Carter did not at any time identify the two packets recovered from the bathroom floor as belonging to the defendant. The officers testified that neither by personal knowledge nor by identification did they know that the packets belonged to defendant. The officers testified that as far as they knew the narcotics could belong to Carruthers, or to Terry Saffold, or to an unidentified girl who was in the apartment when the officers entered. Officer Lawrence also testified that Carter identified defendant at the police station as the man known to him as "Preacher." After the motion to suppress was denied, it was stipulated that the substance in the tinfoil packets found in the bathroom was heroin

174

and that the evidence heard on the motion to suppress would stand as the evidence on the trial. However, the State was permitted to recall Officer Burt, one of the arresting officers, who testified that defendant was not wearing a shirt or shoes when the officers arrested him, and that he put both on before he was taken to the station. Neither the informer nor the defendant testified.

OPINION

■■ It is incumbent upon the State to prove beyond a reasonable doubt that the defendant had either actual or constructive possession of the narcotics. People v. Bedford, 78 Ill App2d 308, 311, 223 NE2d 290; People v. Mack, 12 Ill2d 151, 145 NE2d 609. The State clearly has not shown actual possession; and mere knowledge of the location of narcotics is not the equivalent of possession but merely a necessary element of criminal possession. People v. Jackson, 23 Ill2d 360, 363–364, 178 NE 2d 320; People v. Bedford, 78 Ill App2d 308, 311, 223 NE2d 290.

■ It is well settled as stated in People v. Nettles, 23 Ill2d 306, 308–309, 178 NE2d 361, that "where narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt. See People v. Embry, 20 Ill2d 331; People v. Mack, 12 Ill2d 151." And this is true even though other persons might have access to the premises. People v. Mack, 12 Ill2d 151, 145 NE2d 609. The State, therefore, attempted to show in the instant case that defendant was in control of the premises by the officers' testimony that defendant, who was dressed in a pair of pants and a pair of stockings at the time of his arrest, put on a shirt and a pair of

175

shoes. From this evidence alone the State argues that defendant was in control of the premises. There were three persons other than the defendant in the apartment and one of them was in the bathroom with the defendant. No evidence was introduced showing who had rented the apartment (People v. Hayes, 81 Ill App2d 400, 226 NE 2d 517). There was no evidence that any wearing apparel of defendant was found in the apartment other than the shirt and shoes which he put on when arrested (People v. Galloway, 28 Ill2d 355, 192 NE2d 370). The police officers testified that the narcotics could have belonged to any one of the four occupants.

From these circumstances we can only conclude that the State did not prove beyond a reasonable doubt that defendant had possession of the narcotics or control of the premises on which they were found.

The judgment of the Circuit Court is reversed. In view of this finding we need not consider the other contentions of defendant.

Reversed.

McCORMICK, P. J. and ENGLISH, J., concur.