THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE WASHINGTON, Defendant-Appellant.

(No. 58132;

First District (3rd Division)—January 24, 1974.

384

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant, George Washington, alias Tommy Loffman, was charged by complaint with the offenses of unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24—1) and possession of a hypodermic syringe in violation of Ill. Rev. Stat. 1971, ch. 38, par. 22—50. After a bench trial he was found guilty of both offenses and sentenced to concurrent nine month terms in the County Jail. In this appeal the defendant alleges error in connection with both convictions.

We reverse.

The facts which gave rise to these convictions are as follows: At trial Officer Leslie Lamb testified that he was a Chicago Police Officer, who, on March 19, 1972, was assigned to execute a search warrant which authorized the search of apartment 208 at 5434 S. Cottage Grove Avenue in Chicago. The warrant also specifically named Lucius Hawkins, a codefendant at trial, and Frank Edwards, as alleged sellers of narcotic drugs.

When Officer Lamb and his partner entered the apartment they found four persons present; codefendants James Scott and Lucius Hawkins sitting on a bench near a refrigerator; the unidentified girl friend of one of the men; and the defendant lying, awake, on a bed. Officer Lamb further testified that a search of the premises revealed that the defendant way lying on and concealing with his body, a fully loaded revolver. The officers also found a hypodermic needle and syringe directly under the bed the defendant occupied. The search uncovered other contraband and the three male occupants were placed under arrest. Officer Lamb also testified that he was unable to determine who was the lessor of the apartment.

The defendant testified at trial that he was asleep when the officers entered the apartment and remained asleep until the police woke him. He testified that he had no knowledge of the hypodermic needle found under the bed and further that the revolver Officer Lamb recovered was merely "on" the bed and in open view and was not concealed under his body. All three defendants also testified that apartment 208 was rented by one Harry Johnson who was not present at the time of the search nor at trial.

Upon this evidence the defendant was convicted of both offenses and sentenced as aforementioned.

The defendant first contends that the complaint charging him with the offense of unlawful use of weapons was fatally defective as it did not allege that the defendant had a "concealed" weapon on or about his person. The complaint in pertinent part stated "* * * that George Washington has * * * committed the offense of unlawful use of weapon in that he knowingly carried on or about his person a firearm * * * in violation of Chapter 38, Section 24—1 a 4 Illinois Revised Statutes * * *" Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a) (4) states:

> "A person commits the offense of unlawful use of weapons when he knowingly: * * * (4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; * * *."

The defendant contends that because the complaint lacked the word "concealed" it did not state a criminal offense and therefore his conviction cannot stand, citing *People v. Fain* (1961) 30 Ill.App.2d 270, 173 N.E.2d 825.

■■ In *Fain* this court reviewed the defendant's conviction under section 4 of the Deadly Weapons Act (Ill. Rev. Stat. 1959, ch. 38, par. 155) which was substantially similar to ch. 38, par. 24—1(a) (4), and concluded that "[c]oncealment is the gist of the offense and an information which does not charge concealment by word or by facts does not charge the crime." We further held in that case that the proper order on appeal of such a void judgment is one of reversal and for this reason the conviction on this charge is reversed. *People v. Slaughter* (1966), 67 Ill.App.2d 314, 214 N.E.2d 20.

The defendant also contends that he was not proven guilty beyond a reasonable doubt of the offense of unlawful possession of the hypodermic needle found under the bed at the time of his arrest.

■■ In order to sustain a conviction under Ill. Rev. Stat. 1971, ch. 38, par. 22—50, the State must prove beyond a reasonable doubt that the

defendant had knowledge of the presence of the syringe and was in immediate and exclusive control of it. (*People v. Bolden* (1968), 96 Ill. App.2d 129, 237 N.E.2d 748.) This burden was not sustained here when the evidence showed that in an apartment occupied by four persons the syringe was found under a bed upon which the defendant was lying.

■■ Nor does the evidence prove that the defendant was in constructive possession of the illegal item. An inference of possession does arise when contraband is found in a place which is under the control of the defendant. (*People v. Nettles* (1961), 23 Ill.2d 306, 178 N.E.2d 361; *People v. Connie* (1964), 52 Ill.App.2d 221, 201 N.E.2d 641.) However, in the instant case the uncontradicted evidence disclosed that the defendant was merely one of four visitors in the apartment leased to one Harry Johnson and his mere proximity to the contraband is not sufficient under these circumstances to prove his possession beyond a reasonable doubt.

For these reasons the defendant's conviction for unlawful use of weapons and his conviction for possession of a hypodermic syringe in violation of Ill. Rev. Stat. 1971, ch. 38, par. 22—50 are reversed.

Judgment reversed.

McNAMARA, P. J., and DEMPSEY, J., concur.