THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CYNTHIA GRACE HOWARD, Defendant-Appellant.

(No. 12644;

Fourth District—June 19, 1975.

Walwyn M. Trezise, of Fairbury, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On January 9, 1974, defendant, Cynthia Howard, was found guilty of possession of more than 30 and less than 500 grams of marijuana in a bench trial. She received a sentence of 18 months conditional discharge.

One of the issues on appeal is whether defendant was proven guilty beyond a reasonable doubt. In view of our disposition of this issue, the other issue raised by defendant, a search and seizure issue, need not be discussed. Recital of the facts is limited to those relevant on the issue of reasonable doubt.

On May 17, 1972, several police officers entered Room 220 in the Regal 8 Motel in Bloomington, Illinois. The testimony of all the officers was consistent. There were three persons in the room. One person, John Fields, was sitting on one of the two beds. He was opposite Ms. Howard, who was sitting on the other bed near the headboard. On the same bed, near the foot, was sitting Donald Burton, to whom the room was registered. A small plastic bag of a substance that was subsequently determined to be marijuana was on the bed between the headboard and Ms. Howard. This bag was approximately 6 inches to 1 foot from her. On the bed, between Ms. Howard and Mr. Burton, was a brass pipe and some papers.

Defendant contends that this evidence is insufficient to prove her guilty of possession beyond a reasonable doubt. We agree.

■■ The State must establish two elements in order to obtain a conviction for unlawful possession of narcotics. The first is the knowledge of defendant of the presence of narcotics. The second is immediate and exclusive control. *People v. Nettles*, 23 Ill.2d 306, 178 N.E.2d 361.

Knowledge of the location of narcotics, although an element, is not the equivalent of possession. *People v. Jackson*, 23 Ill.2d 360, 178 N.E.2d 320.

■■ Possession can be either actual or constructive. If the State proves

that defendant has control of the premises, it is permissible to infer that defendant has control of the narcotics and this is constructive possession. It is because of the difficulties of proving actual possession, that the doctrine of constructive possession was formulated. (*People v. Connie,* 52 Ill.App.2d 221, 201 N.E.2d 641.) The State acknowledges that constructive control is not an issue in this case and that the State must prove actual possession.

Although the State argues that personal physical possession need not be shown in order to prove control, they cite cases discussing the constructive possession doctrine.

■■ Actual possession is proved by testimony which shows that defendant has exercised some dominion over the unlawful substance. (*People v. Jackson.*) The act of dominion may be that defendant had the substance on his body, that he tried to conceal it, that he was seen throwing it away. In the case at bar, the testimony reveals only that three persons were in a room, that there was some marijuana there and that defendant was closest to it. Mere proximity is not sufficient evidence of actual possession. *People v. Washington,* 17 Ill.App.3d 383, 308 N.E.2d 339; *People v. Robinson,* 102 Ill.App.2d 171, 243 N.E.2d 594; Annot., 91 A.L.R.2d 810 (1963).

In the *Robinson* case, the police had testified that an informant told them he received narcotics from a man named "Preacher" and that the police could find him in the bathroom of a certain apartment. The police found narcotics and two persons, one the defendant "Preacher" in the bathroom and two other persons in the rest of the apartment. However, they could not testify that defendant in any way exercised control over the narcotics since there was no evidence (other than the hearsay of the informant who did not testify) that would connect defendant with the narcotics rather than any other occupant of the apartment. The court stated:

> "It is incumbent upon the State to prove beyond a reasonable doubt that the defendant had either actual or constructive possession of the narcotics. [Citations.] The State clearly has not shown actual possession; and mere knowledge of the location of narcotics is not the equivalent of possession but merely a necessary element of criminal possession. [Citations.]" (*People v. Robinson,* 102 Ill.App.2d 171, 175, 243 N.E.2d 594, 596.)

Since there was no evidence of actual possession by the defendant, the State did not sustain its burden of proof.

■■ The People have filed a motion to assess costs, which was ordered taken with the case. The People had requested and received leave to amend the record with the transcript of the proceedings at the hearing

on defendant's motion to suppress evidence. This testimony was relevant to the second issue defendant had raised on appeal, the issue of unreasonable search and seizure.

Supreme Court Rule 329 (Ill. Rev. Stat. 1973, ch. 110A, § 329) provides that, if the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. We have found it unnecessary to discuss this issue, due to our resolution of the first issue. However, the transcript was necessary to fully present the issue defendant raised. For this reason the motion of the People is allowed.

For reasons stated above, the judgment of the circuit court of McLean County is reversed.

Reversed.

GREEN and TRAPP, JJ., concur.