THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICOLE RAY *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—90—2385

Opinion filed July 20, 1992.

Theodore Gottfried, of State Appellate Defender's Office, of Springfield, and Joshua Sachs, of Chicago, for appellants.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Donald T. Lyman, and Bennett E. Kaplan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendants Ricardo Council, Kenneth Banks, and Nicole Ray were indicted for armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2) and possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) The charges stemmed from defendants' arrests following a Chicago police undercover drug investigation. Following a bench trial, the circuit court found defendants guilty of possession of a controlled substance and sentenced each to a two-year period of felony probation. Defendants appeal.

We reverse.

On October 23, 1988, Chicago police officer Paul Kusinski took part in the investigation with his partner, Officer James Moriarty. The two officers went to 1856 West North Avenue, where they previously had arranged, by telephone, to purchase narcotics.

Kusinski testified that as he approached the building in question, he observed Antoine Sales walking a dog. As Kusinski neared Sales, Sales dropped to the ground a clear plastic bag containing three smaller packets of a tan powder, which Kusinski believed to be heroin. Kusinski then placed Sales under arrest. Concerned for the dog's safety, Sales asked if he could leave the animal in his apartment. When the officers consented, all three entered the building. Sales gave Kusinski a key ring which held keys which opened the apartment building's main door and the door of the apartment to which Sales directed the officers.

Upon entering the apartment, Kusinski looked into the living room area and saw defendants seated on a couch. On the coffee table

in front of the couch lay a handgun and $492 in United States currency, in addition to a clear plastic bag containing 21 smaller packets of white powder. Kusinski estimated that the couch was 18 inches from the table. Defendants were arrested, and Kusinski subsequently recovered other drug paraphernalia from the apartment, including a triple-beam scale, a grinder, a telephone beeper, and a bottle of Anesthetol. A cable television bill for the apartment, in defendant Council's name, was also found on top of the television. No drugs were found on defendants' persons.

The parties stipulated that, if called to testify, Hugh Adams, a Chicago police chemist, would state that he analyzed the powder confiscated at the time of the arrest and found that the bags contained 9.4 grams of cocaine.

At the close of the State's evidence, all three defendants moved for findings in their favor. The circuit court granted the motions as to the armed violence charges but denied the motions regarding the possession charges. Defendants rested. Following arguments, the court, as noted above, found defendants not guilty of possession with intent to deliver but found the three guilty of possession of cocaine, the lesser included offense, and entered the above-noted sentence.

Defendants maintain that the evidence presented did not prove them guilty of any crime. We agree.

In evaluating the sufficiency of proof upon review, this court must assess whether the evidence, when viewed in the light most favorable to the State, allows a rational trier of fact to find the elements of the offense beyond a reasonable doubt. *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781.

To achieve a successful prosecution for possession of a controlled substance, the State must establish that the accused had knowledge of the presence of narcotics and that the narcotics were in the accused's immediate and exclusive control. (*People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361, *cert. denied* (1962), 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939; *People v. Griffin* (1990), 194 Ill. App. 3d 286, 550 N.E.2d 1244; *People v. Valentin* (1985), 135 Ill. App. 3d 22, 480 N.E.2d 1351.) These elements can be proven by a showing of actual possession, which is established by evidence which demonstrates that defendant has exercised some dominion over the contraband. (*People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320.) The act of dominion may be that defendant had the contraband on his person, that he tried to conceal it, or that he was seen throwing it away. (*People v. Howard* (1975), 29 Ill. App. 3d 387, 330 N.E.2d 262.) Here,

the evidence reveals that defendants were in the room, that cocaine was on a table in the same room, and that defendants were 18 inches away from it. Mere proximity, however, is insufficient to establish actual possession. *People v. Howard*, 29 Ill. App. 3d at 389; *People v. Washington* (1974), 17 Ill. App. 3d 383, 308 N.E.2d 339; *People v. Robinson* (1968), 102 Ill. App. 2d 171, 243 N.E.2d 594.

■ Our courts, however, have recognized that the element of knowledge is seldom susceptible to direct proof (*People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214; *People v. Hill* (1988), 169 Ill. App. 3d 901, 524 N.E.2d 604, *appeal denied* (1988), 122 Ill. 2d 585, 530 N.E.2d 256), and, to that end, actual possession need not be demonstrated in order to uphold a conviction if constructive possession can be inferred from the facts. (*People v. Stamps* (1982), 108 Ill. App. 3d 280, 438 N.E.2d 1282, *appeal denied* (1982), 92 Ill. 2d 571.) The mere presence in the vicinity of contraband cannot establish constructive possession. (*People v. Kissinger* (1975), 26 Ill. App. 3d 260, 325 N.E.2d 28; *People v. Crowder* (1972), 4 Ill. App. 3d 1079, 283 N.E.2d 342.) Where drugs are found on premises rather than on defendant, the State must prove that the defendant had control of the premises in order to permit the inference that defendant had knowledge and control over the narcotics. (*People v. Nettles*, 23 Ill. 2d 306, 178 N.E.2d 361; *People v. Green* (1977), 54 Ill. App. 3d 252, 369 N.E.2d 589; *People v. Kissinger*, 26 Ill. App. 3d at 260; *People v. Mosley* (1971), 131 Ill. App. 2d 722, 265 N.E.2d 889.) Knowledge and possession are questions of fact to be resolved by the trier of fact, whose findings should not be disturbed upon review unless the evidence is so unbelievable, improbable, or palpably contrary to the verdict that it creates a reasonable doubt of guilt. *People v. Valentin*, 135 Ill. App. 3d at 22; *People v. Ortiz* (1980), 91 Ill. App. 3d 466, 414 N.E.2d 1072, *appeal denied* (1981), 83 Ill. 2d 573.

■ Based on the foregoing, the scant evidence presented here cannot support defendants' convictions. The State failed to present any evidence which tended to show that defendants owned, rented, or lived in the apartment in question. (See, *e.g., People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609; *People v. Green*, 54 Ill. App. 3d at 252.) A review of the arrest reports and presentence investigation reports reveals that each defendant gave, as his or her address, an address other than the North Avenue building. Moreover, no testimony was presented which established that any of defendants admitted that the apartment was their residence or that they kept clothing or other personal belongings there or that they had a key to the premises. Indeed, the only person who was identified as having the key to the

apartment was Sales. But for the lone cable television bill, no evidence was presented which linked defendants to the premises. As to that bill, we note the invoice was six months old.

The State cites *People v. Lenoir* (1984), 125 Ill. App. 3d 260, 465 N.E.2d 1027, in support of upholding the convictions. There, defendant was found alone in a bedroom with the door shut. Around him on a bed and within his reach were several items, including food, a loaded gun, bags of a green, leafy material, and a film container containing pills. Next to defendant, on a night stand, was a pill bottle which also contained contraband. The appellate court rejected defendant's arguments that he was merely a visitor to the house, that the drugs were only near him, and that he failed to exercise any dominion or control over them. The court ruled that defendant was in possession and control of the items around him and that he knew what they were. (*People v. Lenoir*, 125 Ill. App. 3d at 265.) However, as noted above, in order to establish constructive possession, the State must prove defendant had the control of the premises, an element not proved here and not mentioned in *People v. Lenoir*. Accordingly, we do not find *People v. Lenoir* persuasive under the circumstances presented here. Therefore, the judgment of the circuit court is reversed.

Reversed.

BUCKLEY, P.J., and CAMPBELL, J., concur.