THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK CLEMONS, Defendant-Appellant.

First District (5th Division)   No. 1—91—3553

Opinion filed February 2, 1996.

912

Kent R. Brody and Michael P. Gore, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Katherine Schweit, and Margaret J. Faustmann, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

The defendant, Mark Clemons, was charged by indictment with possession of a controlled substance with intent to deliver in violation of sections 401(a)(2) and 401.2(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1401(a)(2) (now 720 ILCS 570/401 (West 1994)); Ill. Rev. Stat., 1988 Supp., ch. 56$^1$/$_2$, par. 401.2(2) (repealed by Pub. Act 86—266, § 2, eff. January 1, 1990, & Pub. Act 86—442, § 2, eff. January 1, 1990)). Following a jury trial, he was found guilty and was sentenced to a term of 13 years in the adult division of the Illinois Department of Corrections.

On appeal, the defendant contends that he was denied due process by admission of a statement not tendered to defense counsel prior to trial; he was denied effective assistance of counsel; and he was not proved guilty beyond a reasonable doubt.

Prior to trial, the State filed a motion for pretrial discovery and the defendant filed a response. Although the defendant did not file a motion for discovery, the State filed an "Answer to Discovery."

At trial, the State presented the testimony of the arresting police officers, Robert Grapenthien and John Rawski. Both officers testified that they were riding in an unmarked squad car on December 26, 1988, at about 9 p.m. They first saw the defendant as he crossed the 2700 block of Monroe Street going from north to south in a slightly

easterly direction. The streetlights were in working order. The defendant, who was approximately 150 feet away, was the only person on the street. Several cars were parked on both sides of the street. Both officers testified that, when the defendant was approximately 50 feet from them, they noticed that he was carrying a gray paper bag in his right hand. They further testified that, after the defendant glanced over his right shoulder and saw them, he dropped the bag on the snow by the curb and walked away. The officers were almost adjacent to the defendant, approximately 10 feet away, when he dropped the bag. They stopped their vehicle and exited it.

Officer Grapenthien testified that he walked over to the bag, inspected its contents and saw two clear bags of white powder inside. He believed that the bags contained cocaine and yelled to Officer Rawski to arrest the defendant. Officer Grapenthien stated that, incident to the arrest, they conducted a search of the defendant and found a set of Nissan car keys in defendant's possession. Grapenthien and Rawski testified that the keys were found to fit a Nissan Pathfinder automobile parked directly adjacent to where the defendant was arrested. After the defendant was transported to the police station, a custodial search was conducted and $1,180 in United States currency was recovered from his person. The denominations of the currency were: eight $50 bills; twenty-five $20 bills; twenty-two $10 bills and twelve $5 bills.

Officer Rawski testified that, after the defendant was handcuffed and searched and the car keys were discovered, the defendant was asked where his car was parked. According to Rawski, the defendant denied having a car in the area. (Defendant's statement to the police was not disclosed in the police reports previously tendered to the defendant nor was it disclosed in the State's "Answer to Discovery.") Defense counsel objected to the admission of defendant's statement regarding his car into evidence, alleging *Miranda* and discovery violations, and moved for a mistrial. The trial court denied the motion for mistrial, warned the prosecutors not to make any further reference to the defendant's statement and admonished the jury to disregard any testimony relating to the alleged statement. Defense counsel renewed his motion for mistrial at the conclusion of Officer Rawski's testimony. The trial court again denied the motion, finding that defendant's statement regarding the car was "inconsequential" to the issue of his commission of the crime charged and that the jury had been admonished to disregard any testimony regarding defendant's statement to the police. It was the court's opinion, based on its observation of the jury, that they complied with the admonishment.

Officer Rawski further testified that in December of 1988 an aver-

age gram of cocaine sold for $142 a gram. He stated that cocaine was generally sold on the street in quantities of a tenth of a gram up to a gram and that, prior to sale, it would be mixed with other substances. The percentage of cocaine in the mixture would be 10% to 50%.

Jose Mantilla, a chemist for the Chicago police department crime lab, identified the gray bag and two clear plastic bags and testified that the contents of the two plastic bags were tested. One bag, weighing 249.4 grams, was found to be 94% pure cocaine; and the second bag, weighing 250.8 grams, was found to be 96% pure cocaine.

Two defense witnesses, Ladell Jones and Debra Ellis, testified. Jones, a friend of the defendant, stated that he had been with the defendant for several hours prior to and until his arrest. As he and the defendant were leaving a party at 2728 West Monroe, they ran into another friend, Ellis. Jones stated that, when they left the party, the defendant was not carrying anything in his hands and that he never lost sight of the defendant. Jones further stated that as they entered the street, two unknown black males were present in the vicinity, one was nearby and the other was in the opposite direction. According to Jones, a police car came down the block at a high rate of speed and suddenly stopped in front of the defendant. One officer grabbed the defendant and put him in the police car while the other walked up and down the block and discovered the bag on the street.

Debra Ellis testified that she lived in the first-floor apartment at 2728 West Monroe. She saw the defendant and Ladell Jones coming down the stairs and hugged the defendant. She stated that the defendant was not carrying any type of package and that she watched both men leave the building and cross the street. Ellis testified that she saw the police grab the defendant and begin to search the street. She stated that at no time was the bag the police recovered in the defendant's possession.

At the conclusion of the trial, the jury returned a verdict of guilty of possession of a controlled substance, more than 400 grams but less than 900 grams, with intent to deliver. Defense counsel moved for a new trial, arguing that the defendant's statement to the police was taken in violation of defendant's *Miranda* rights and should have been suppressed. Defense counsel argued that he had been prevented from making a motion to suppress because, as a result of the State's discovery violation, he was unaware of defendant's statement. While noting that a discovery violation had occurred and that defendant's statement would have been suppressed, the trial court nevertheless denied the motion for new trial, finding that defendant's statement was irrelevant to the issue of defendant's possession of a controlled substance with intent to deliver and to the issue of defendant's credibility since the defendant did not testify.

On appeal, the defendant first argues that he was denied due process of law by the admission of his statement, not disclosed by the State during pretrial discovery and obtained without the requisite *Miranda* warnings in violation of his fifth amendment right to remain silent. The defendant contends that the testimony regarding his statement had the prejudicial effect of making him a "liar" in the eyes of the jury. In response, the State argues that it had no duty to disclose defendant's statement since the defendant did not file a pretrial discovery motion. The State further argues that the defendant was not prejudiced by the nondisclosure since the nondisclosed evidence was not material to defendant's conviction and since the defendant's objection to the testimony regarding his statement was sustained and the jury was admonished to disregard that testimony.

■ In accordance with Supreme Court Rule 412(a)(ii) (134 Ill. 2d R. 412(a)(ii)), upon written motion of defense counsel, the prosecution must disclose any written or recorded statements and the substance of any oral statements made by the defendant. The purpose of this provision is to provide the accused with protection against surprise, unfairness and inadequate preparation as well as to afford the defense an opportunity to investigate. (*People v. Perez* (1981), 101 Ill. App. 3d 64, 427 N.E.2d 820; *People v. Shegog* (1976), 37 Ill. App. 3d 615, 346 N.E.2d 208.) Even where no defense request has been made, the prosecution has a constitutional and statutory duty to disclose evidence that would negate the defendant's guilt. (*E.g., People v. Madison* (1994), 264 Ill. App. 3d 481, 637 N.E.2d 1074; *People v. Preatty* (1994), 256 Ill. App. 3d 579, 627 N.E.2d 1199; see 134 Ill. 2d R. 412(c).) However, such disclosure only is required where the evidence is exculpatory and material to defendant's case, causing reasonable doubt of defendant's guilt or reasonable probability that the evidence would have changed the outcome of the case. (*E.g., United States v. Agurs* (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Harris* (1989), 129 Ill. 2d 123, 544 N.E.2d 357; *People v. Uselding* (1991), 217 Ill. App. 3d 1063, 578 N.E.2d 100.) The duty to disclose is a continuing duty and applies to material that comes to the attention of the parties or their counsel whenever that information is discovered. See 134 Ill. 2d R. 415(b).

■ Sanctions that can be imposed where a party has failed to comply with applicable discovery rules are discretionary with the trial court and include entry of an order requiring disclosure or exclusion of the evidence involved or granting a continuance. (*People v. Weaver* (1982), 92 Ill. 2d 545, 442 N.E.2d 255; see 134 Ill. 2d R. 415(g).) Generally, a new trial should not be granted unless the defendant is prejudiced and the trial court failed to eliminate that prej-

918

udice (*People v. Robinson* (1993), 157 Ill. 2d 68, 623 N.E.2d 352; *People v. Madison*, 264 Ill. App. 3d 481, 637 N.E.2d 1074 (violation of Supreme Court Rule 412(c)); *People v. Goldsmith* (1994), 259 Ill. App. 3d 878, 630 N.E.2d 1259 (violation of Supreme Court Rule 412(a)) and only if there is a reasonable probability that had the evidence been disclosed to the defendant, the result of the proceeding would have been different (*United States v. Bagley* (1985), 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (same test for nondisclosure of evidence by State whether defendant made no request, general request or specific request)). Among the factors to be considered by the court in determining whether the defendant is entitled to a new trial are the closeness of the evidence, the strength of the undisclosed evidence, the likelihood that prior notice could have helped the defense discredit the evidence, and the willfulness of the State in failing to disclose the evidence. (*People v. Robinson*, 157 Ill. 2d 68, 623 N.E.2d 352; see *People v. Preatty*, 256 Ill. App. 3d 579, 627 N.E.2d 1199 (materiality of nondisclosure measured by closeness of evidence and adverse effect that nondisclosure may have had on preparation or presentation of defendant's case).) To determine whether the nondisclosure rises to the level of prejudicial error, the entire record must be examined. *People v. Moore* (1990), 199 Ill. App. 3d 747, 557 N.E.2d 537.

■ In the instant case there can be little question that the State would not have had a duty to voluntarily disclose defendant's statement to the police since it is apparent on its face that the statement did not purport to be exculpatory or supportive of a claim of innocence and because it did not create a reasonable doubt of the defendant's guilt. (See *United States v. Agurs*, 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Harris*, 129 Ill. 2d 123, 544 N.E.2d 357; *People v. Uselding*, 217 Ill. App. 3d 1063, 578 N.E.2d 100; see also 134 Ill. 2d R. 412(c).) It is also clear that the testimony regarding defendant's statement was not material to the issue of whether the defendant committed the crime of possession of a controlled substance with intent to deliver and would not have changed the outcome of the trial. (See *People v. Harris*, 129 Ill. 2d 123, 544 N.E.2d 357.) Defendant's statement regarding his automobile was wholly extraneous to the issue of his guilt since the State did not allege or attempt to prove that defendant's automobile contained the controlled substance or was in any way involved in the crime charged.

As discussed below, the evidence at trial that established defendant's guilt was derived from the eyewitness testimony of the two arresting police officers and the testimony of the police department chemist. The officers testified that they witnessed the defendant

carrying a gray bag and saw the defendant drop the bag. One of the officers immediately retrieved the bag, inspected it and saw two plastic bags inside that were believed to contain cocaine. Tests subsequently performed on the contents of the bags showed that the bags contained cocaine having a total weight of over 500 grams. As this evidence was not contradicted or in any way affected by defendant's statement, that statement could not create a reasonable doubt of defendant's guilt. Thus, there was no duty on the State to voluntarily disclose it.

The defendant argues, however, that the State's voluntary undertaking to submit information in a document that it entitled "Answer to Discovery" imposed a duty upon the State equal to that which would have been imposed had a discovery request actually been made by the defendant. The defendant contends that he had a right to rely on the State's "answer" as if it were made in answer to a formal request. Thus, the defendant would urge that, even though his statement did not negate his guilt, it nevertheless should have been disclosed as would have been the case with respect to any statement of a defendant had an actual discovery request been made. See *People v. Perez*, 101 Ill. App. 3d 64, 427 N.E.2d 820; *People v. Shegog*, 37 Ill. App. 3d 615, 346 N.E.2d 208; see also 134 Ill. 2d R. 412(a).

■ Even if we were to agree that a duty to disclose existed here, based on the State's voluntary undertaking and despite the absence of a discovery request by the defendant, the violation of that duty would not justify the sanction of a new trial unless the defendant can show prejudice by the nondisclosure (see *People v. Goldsmith*, 259 Ill. App. 3d 878, 630 N.E.2d 352) in that the result of the trial would have been different (see *United States v. Bagley*, 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375). The defendant argues prejudice based on the fact that his credibility was impugned because his statement denying that he had an automobile parked in the vicinity of his arrest was contradicted by police testimony and the presence of keys on his person. However, as the defendant did not testify and his statement was not used by the State for impeachment purposes, any prejudice to the defendant would have been nominal. (*Cf. People v. Sui Wing Eng* (1985), 138 Ill. App. 3d 281, 485 N.E.2d 1222 (no prejudice even where nondisclosed statement of defendant was used to impeach defendant's credibility).) Moreover, as noted above, the defendant immediately objected to the admissibility of the testimony regarding his undisclosed statement, and the objection was sustained. The trial court acted to eliminate any prejudicial impact of that inadmissible testimony by admonishing the jury to disregard it.

More overridingly, as noted with respect to the State's duty to

voluntarily disclose exculpatory evidence, the testimony regarding the defendant's statement was not material to the outcome of the case. (Compare with *People v. Weaver*, 92 Ill. 2d 545, 442 N.E.2d 255 (cited by defendant where new trial was granted for failure to disclose a statement because statement was material to issue of guilt in that it furnished motive for alleged crime).) Here we cannot say that the jury was influenced in any way by the testimony regarding defendant's statement to the police because that evidence was excluded pursuant to defendant's objection, the jury was admonished concerning the exclusion, no further reference was made to defendant's statement by the prosecution, and the statement had no bearing on the outcome of the case. Accordingly, the defendant was not entitled to a new trial based upon the State's alleged discovery violation.[1]

The defendant next contends that he was denied effective assistance of counsel because counsel did not file a written motion for discovery, did not discover the defendant's statement to the police at the time of his arrest, did not file a motion *in limine* to suppress that statement, and, after the statement was heard by the jury, failed to impress upon the defendant the importance of testifying in his defense to vitiate the damage done by the testimony regarding defendant's statement.

■ In order to obtain a reversal and new trial on the basis of ineffective assistance of counsel, the defendant must satisfy the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668,

---

[1]Intertwined with defendant's discovery issue is his contention that he was denied due process based on *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. There is no dispute that the defendant was not given *Miranda* warnings after he was placed under arrest and before he made the statement concerning his automobile. Thus, had defense counsel been advised of the statement, he could have sought its suppression on that basis. (See, *e.g., People v. Goyer* (1994), 265 Ill. App. 3d 160, 638 N.E.2d 390 (a defendant is entitled to *Miranda* warnings when he is in police custody or otherwise deprived of his freedom of action in any significant way); see also, *e.g., People v. Humphries* (1994), 257 Ill. App. 3d 1034, 630 N.E.2d 104 (statements made during custodial interrogation cannot be admitted unless suspect is given *Miranda* warnings).) However, defendant's statement was not admitted into evidence because the trial court sustained defendant's objection and admonished the jury accordingly. Moreover, as noted below, any error that would have resulted from its admission would have been harmless beyond a reasonable doubt because the statement did not prove any element of the crime. See *People v. Calderon* (1981), 101 Ill. App. 3d 469, 428 N.E.2d 571 (error harmless beyond a reasonable doubt where statement did not prove any element of crime of armed robbery).

80 L. Ed. 2d 674, 104 S. Ct. 2052. The defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) *Strickland* further stated that the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 80 L. Ed. 2d at 692-93, 104 S. Ct. at 2064.

The defendant faces a high burden in meeting the *Strickland* test (*People v. Johnson* (1989), 128 Ill. 2d 253, 538 N.E.2d 1118; *People v. Anderson* (1994), 266 Ill. App. 3d 947, 641 N.E.2d 591) and must overcome the strong presumption of reasonable professional assistance (*People v. Long* (1990), 208 Ill. App. 3d 627, 567 N.E.2d 514). In determining the adequacy of a defendant's legal assistance, a reviewing court will not focus on isolated instances of alleged deficiencies but, rather, must consider the totality of circumstances. (*People v. Long*, 208 Ill. App. 3d 627, 567 N.E.2d 514.) Moreover, the court need not determine whether counsel's performance was deficient before examining whether defendant was sufficiently prejudiced by the alleged deficiencies. *Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246.

■ Our review of the record reveals no deficiencies in trial counsel's representation of the defendant. While counsel may have been under a duty to make a formal request for discovery, as noted above, there is no indication in the record that the failure to make such a request prejudiced the defendant. First, absent a defense request, the State would not have been required to make a disclosure to the defendant since it did not possess evidence that would negate the defendant's guilt. The State nevertheless voluntarily submitted its "Answer to Discovery."[2] Second, at trial, when counsel first discovered defendant's statement, he immediately objected to the admission of that testimony into evidence and moved for a mistrial. (See *People v. Calderon* (1981), 101 Ill. App. 3d 469, 428 N.E.2d 571 (the admissibility of an accused's confession or statement may be challenged by either a motion to suppress or an objection at trial).) The objection was sustained and the damage, if any, was minimized by the court's admonishment to the jury. Moreover, since that evi-

---

[2]The record discloses that defendant's trial counsel did not represent the defendant at the time pretrial discovery materials were exchanged.

dence was not material to defendant's guilt of the crime charged, it did not prejudice the defendant and was not outcome determinative. See *People v. Goldsmith* (1994), 259 Ill. App. 3d 878, 630 N.E.2d 1259; *People v. Uselding* (1991), 217 Ill. App. 3d 1063, 578 N.E.2d 100 (no ineffective assistance of counsel based upon counsel's failure to detect discovery violation where no prejudice to defendant).

■ Nor can a finding of ineffective assistance of counsel be premised on counsel's failure to impress upon the defendant the need for him to testify at trial. A defendant has a fundamental right to testify and the decision to testify can only be made by the defendant regardless of counsel's advice to the contrary. (*People v. Ramey* (1992), 152 Ill. 2d 41, 604 N.E.2d 275; *People v. Loera* (1993), 250 Ill. App. 3d 31, 619 N.E.2d 1300.) Here, there was no indication that the defendant wished to testify. In fact, the defendant was questioned in court, outside the presence of the jury, regarding his understanding of his right to testify and his decision not to exercise that right. Defense counsel's recommendation to the defendant that he not testify also involved a matter of trial strategy and should not be second-guessed. (See *People v. Uselding*, 217 Ill. App. 3d 1063, 578 N.E.2d 100.) Moreover, the defendant has not shown how the result of his trial would have been different had he chosen to testify. The defendant argues on appeal that he could have testified to "vitiate the obvious damage done by the improperly withheld evidence." However, defendant's statement was not admitted into evidence, thereby alleviating the need for him to deny that he made it.

The record does not support a finding that the adversarial process was so undermined by defense counsel's conduct that the trial could not be relied upon as having produced a just result (see *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052); nor has the defendant overcome the strong presumption of reasonable professional assistance (see *People v. Long*, 208 Ill. App. 3d 627, 567 N.E.2d 514). Thus, defendant's argument is unpersuasive.

Defendant's final argument on appeal is that he was not proved guilty beyond a reasonable doubt. The defendant argues that it was unreasonable for a jury to find that the defendant had possession or knowledge of the cocaine based on the police officers' testimony. The defendant questions the officers' ability to observe the defendant given their distance from him, the time of night, the presence of parked cars in the area, and the fact that the officers were riding in a moving vehicle. The defendant seeks to further discredit the officers' testimony by citing to their testimony that no other persons were on the street, which was contradicted by defendant's witness who said

two other individuals were present. The defendant also seeks to dispute his conviction based on the fact that no fingerprints were taken off the gray bag.

Where the sufficiency of evidence is challenged on appeal, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. (*People v. Robinson* (1995), 167 Ill. 2d 397; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Denton* (1994), 264 Ill. App. 3d 793, 637 N.E.2d 1066; *People v. Green* (1993), 256 Ill. App. 3d 496, 628 N.E.2d 586.) The reviewing court is not permitted to substitute its judgment for that of the trier of fact on questions involving weight of the evidence, credibility of witnesses or resolution of conflicting testimony. *People v. Campbell* (1992), 146 Ill. 2d 363, 586 N.E.2d 1261.

■ The elements of the offense of possession of a controlled substance with intent to deliver are: that the defendant had knowledge of the presence of the controlled substance; that the controlled substance was within the immediate control or possession of the defendant; and that the defendant had intent to deliver the controlled substance. (*People v. Robinson* (1995), 167 Ill. 2d 397; *People v. Pintos* (1989), 133 Ill. 2d 286, 549 N.E.2d 344; *People v. Green*, 256 Ill. App. 3d 496, 628 N.E.2d 586; see Ill. Rev. Stat. 1989, ch. 56½, par. 1401 (now 720 ILCS 570/401 (West 1994)).) These elements can be proved by circumstantial evidence. (*People v. Denton*, 264 Ill. App. 3d 793, 637 N.E.2d 1066; *People v. Green*, 256 Ill. App. 3d 496, 628 N.E.2d 586.) Moreover, once possession or constructive possession is established, the elements of knowledge and intent to deliver can be inferred from the surrounding facts and circumstances. *People v. Denton*, 264 Ill. App. 3d 793, 637 N.E.2d 1066; *People v. Green*, 256 Ill. App. 3d 496, 628 N.E.2d 586.

■ Viewing the evidence in a light most favorable to the prosecution, we believe the jury could reasonably conclude that the defendant had possession of a controlled substance. Evidence was presented by the arresting officers that they saw the defendant carry the gray bag containing the cocaine and also saw the defendant drop the bag. They saw no other person near the defendant or in the area where the bag was recovered. Questions regarding the credibility of the officers' testimony and their ability to observe the defendant and the occurrence are to be resolved by the trier of fact. (See *People v. Wilburn* (1994), 263 Ill. App. 3d 170, 635 N.E.2d 877.) Here, while the

officers' testimony conflicted with the testimony of the defendant's witnesses, the jury resolved the inconsistency against the defendant. On review, we must view the evidence in a light most favorable to the prosecution (see *People v. Campbell*, 146 Ill. 2d 363, 586 N.E.2d 1261; *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267); and, in so doing, we affirm the jury's conclusion that the element of possession was proved beyond a reasonable doubt. We find the absence of fingerprint evidence unavailing in view of the direct testimony of actual possession and note that similar testimony of actual possession from arresting officers who viewed the defendants tossing plastic bags onto the ground at night was held sufficient to support findings of possession in *People v. Bonslater* (1994), 261 Ill. App. 3d 432, 633 N.E.2d 830 (conviction reversed on ineffective assistance of counsel issue), and *People v. Robinson* (1993), 252 Ill. App. 3d 1023, 624 N.E.2d 1318, *rev'd on other grounds* (1995), 167 Ill. 2d 397 (affirmed appellate court finding of possession and reversed appellate court finding of no proof of intent to deliver).[3]

Since the jury reasonably could have found the element of possession, it follows that they also could have found the elements of knowledge and intent to deliver. Proof that the defendant controlled the contraband in and of itself gives rise to an inference of knowledge sufficient to sustain a conviction for unlawful possession, absent other facts and circumstances that might leave in the mind of the jury a reasonable doubt as to the defendant's guilt. (*People v. Stone* (1993), 244 Ill. App. 3d 881, 614 N.E.2d 293.) Here the defendant has not established any such facts or circumstances. Moreover, defendant's action in dropping the bag after seeing the police officers supports an inference that the defendant knew of the existence of the cocaine. See *People v. Dockery* (1993), 248 Ill. App. 3d 59, 618 N.E.2d 348; *People v. Melgoza* (1992), 231 Ill. App. 3d 510, 595 N.E.2d 1261 (knowledge can be proved by evidence of acts, declarations or conduct).

Furthermore, the amount of cocaine found in a defendant's possession can give rise to an inference of intent to deliver where such quantity is in excess of an amount designed for personal use. (*People v. Green*, 256 Ill. App. 3d 496, 628 N.E.2d 586; *People v. Stone*, 244 Ill. App. 3d 881, 614 N.E.2d 293; see *People v. Robinson* (1995), 167 Ill. 2d

---

[3]The defendant's citations to cases involving constructive possession (*People v. Jackson* (1961), 23 Ill. 2d 360, 178 N.E.2d 320; *People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609; *People v. Roundtree* (1985), 135 Ill. App. 3d 1075, 482 N.E.2d 693; *People v. Stewart* (1975), 27 Ill. App. 3d 520, 327 N.E.2d 287; *People v. Robinson* (1968), 102 Ill. App. 2d 171, 243 N.E.2d 594) are irrelevant since the instant case involves actual possession.

397 (quantity alone can be sufficient to prove intent).) Here the quantity of cocaine, over 500 grams, that, according to the testimony, could be divided 2 to 10 times, could create a reasonable inference of intent to deliver. See *People v. Bonslater*, 261 Ill. App. 3d 432, 633 N.E.2d 830 (70.76 grams of cocaine, 7.55 grams of marijuana, $1,968, and portable phone sufficient to prove possession with intent to deliver); *People v. Green*, 256 Ill. App. 3d 496, 628 N.E.2d 586 (1.16 grams of cocaine divided into 18 packages found to support inference of intent to deliver); *People v. Stone*, 244 Ill. App. 3d 881, 614 N.E.2d 293 (25 to 30 grams of cocaine found to support inference of intent to deliver); *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 432 N.E.2d 370 (250.1 grams of cocaine sufficient to prove intent to deliver).

We are not persuaded by the defendant's reliance on *People v. Darnell* (1990), 214 Ill. App. 3d 345, 573 N.E.2d 1252, and *People v. Deatherage* (1984), 122 Ill. App. 3d 620, 461 N.E.2d 631. In those cases, the defendants were found guilty of delivery of a controlled substance based on accountability theories. The courts reversed the convictions, finding insufficient evidence that the defendants aided, abetted or attempted to aid others in the perpetration of the crimes of delivery. The courts found that there was no evidence of agreement to commit the crime or evidence that the defendants knew that the crimes were being committed. The courts concluded that the defendants' mere presence at the scene of the crime was insufficient proof of guilt and that they could have been innocent bystanders. In contrast to *Darnell* and *Deatherage*, the defendant in the instant case was not charged on the basis of accountability. Moreover, as noted above, the conduct and acts of the defendant in the instant case circumstantially establish his knowledge of the cocaine and his intent to deliver. Thus, based on the evidence presented, we cannot say that the jury's verdict was unreasonable, improbable or unsatisfactory or that it created a reasonable doubt of the defendant's guilt.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNULTY, P.J., and HOURIHANE,[4] J., concur.

---

[4]Justice Thomas J. O'Brien originally sat on the panel in this appeal. Upon Justice O'Brien's retirement, Justice Hourihane substituted in the decision of this appeal. He has read the briefs and listened to the tape of oral argument.